**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marwan Isa BELION, Defendant-Appellant.**

No. 16-17687

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(March 8, 2018)

Nancy J. Hess, Edwin F. Knight, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Christopher P. Canova, Jordane E. Learn, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff-Appellee

Rachel Renee Seaton-Virga, Virga Law Offices, PA, Panama City, FL, for Defendant-Appellant

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Marwan Belion appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Belion argues that the district court erred by denying his motion to suppress evidence found during a search of his vehicle subsequent to his arrest for a state offense.

We review whether a voluntary unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions *de novo*. *See United States v. Patti*, 337 F.3d 1317, 1320, 1320 n.4 (11th Cir. 2003). By entering a voluntary unconditional guilty plea, a defendant waives all non-jurisdictional defects in the proceedings. *Id.* at 1320. We will not consider a defendant's challenge to the district court's denial of a motion to suppress if that issue was not preserved in a conditional plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).

A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2). *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). The conditional plea must be in writing and must be consented to by the court and by the government. *Id.*

Here, Belion has waived any review of the denial of his motion to suppress. Belion entered an unconditional guilty plea and only reserved his right to challenge his sentence on appeal. Thus, Belion has waived any review of the denial of his motion to suppress by failing to properly preserve appellate review.

**AFFIRMED.**